**AKER KVÆRNER | IHI**

02 November 2009

Cameron LNG, LLC Project
AK|IHI Job No. H0403600 / 5021-430
Response Required: Yes

Greg Presswood
McLarens Young International
Executive General Adjuster/Branch Manager
10235 West Little York, Suite 170
Houston, TX 77040-3253

Your Ref.:
Our Ref:   AK|IHI-TP-0095

| | |
|---|---|
| Insured: | Sempra Energy and other Named Insureds, including but not limited to Aker Kvaerner / IHI |
| Insurers: | National Union Fire Insurance Company of Louisiana<br>AEGIS Insurance Services, Ltd.<br>Allianz Global Risks US Insurance Company<br>Commonwealth Insurance Company<br>Navigators Special Risk, Inc.<br>Arch Specialty Insurance Company |
| Policy No.: | WRS05119010B |
| Policy Period: | September 15, 2005 – August 4, 2009 |

Dear Greg:

Enclosed please find the Sworn Statement in Proof of Loss ("Statement") signed by Aker Kvaerner|IHI subject to the following conditions:

The second paragraph and Item 1 of the Statement use the phrases "direct physical loss or damage" or "losses directly caused", respectively. Those phrases are not used in the insuring agreement of the Policy. As a result, Aker Kvaerner|IHI is signing the Statement subject to the condition that the insuring agreement of the Policy (as extended) and not those phrases establishes the obligations of Insurers to provide coverage.

The Statement contains reservations of rights for Insurers but does not contain reciprocal reservations of rights for Aker Kvaerner|IHI. As such, Aker is signing the Statement subject to the condition that Aker Kvaerner/IHI reserves any and all of its rights under the Policy and is not acquiescing in any position of Insurers by signing the Statement.

The Statement refers to Sempra Energy Cameron LNG ("Sempra") as "Principal Insured." However, the Policy does not identify Sempra as "Principal Insured." As such, Aker is signing the Statement

---

**AKER KVÆRNER | IHI**
3600 Briarpark Drive
Houston, Texas 77042

Tel:   (713) 988-2002
Fax:   (713) 772-4673

EXHIBIT
I

AK|IHI-TP-0095
02 November 2009
Page 2 of 2

subject to the condition that Aker Kvaerner|IHI is an insured under the Policy with the same status and rights as Sempra.

Sincerely,

Scott Ray
Business/Risk Manager


cc:   H. Suzuki; M. Schloz; T. Santoro

## SWORN STATEMENT IN PROOF OF LOSS

| $400,000,000 (as sublimited) | See Schedule A |
|---|---|
| Amount of Policies at Time of Loss | Policy Numbers |

| September 15, 2005 | Houston, TX |
|---|---|
| Date Issued | Agency at |

| August 1, 2009 | Willis |
|---|---|
| Date Expires | Agent |

To the various Insurers, Underwriters, Names and syndicates at Lloyds London and all insurance companies, wherever located, that either issued or severally subscribed, each in its own proportionate share (further defined below as "Insurers"), to each and all of those certain Policies issued pursuant to a quota share insurance program between Insureds (as further described below) and Insurers as is set forth more fully on attached Schedule "A."

At the time of loss, by the above indicated Policies of insurance you insured Sempra Energy, Cameron LNG, ("Principal Insured") and Aker Kvaerner/IHI ("Insured") against Construction All Risk of direct physical loss or damage except as excluded or limited with respect to the construction of the Cameron LNG Receiving Terminal Project according to the terms and conditions of the said Policies and all forms, endorsements, transfers and assignments and attachments thereto.

1. **Time and Origin:** Named Windstorm losses directly caused by Hurricane Ike's landfall and storm surge the hour of 2:10 a.m., on the 13th day of September, 2008.

2. **Occupancy:** The location described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: The Cameron LNG Receiving Terminal Project located in Hackberry, Louisiana.

3. **Title and Interest:** At the time of the loss the interest of your Insured in the property described herein was as intended. No other person or persons had any interest therein or encumbrance thereon except: None

4. **Changes:** Since the said Policies were issued there has been no assignment thereof, or change of interest, use occupancy, possession, location or exposure of the property described, except: No exceptions.

5. **Total Insurance:** The total amount of insurance applicable to the aforementioned loss upon the property described by these policies and which is applicable to the loss presented under these Policies was at that time of loss, US $400,000,000.00, subject to applicable sublimits as set forth in the policies, and as more particularly specified in the apportionment attached under Schedule "A", besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

| 6. The Actual Cash Value of said property at the time of the loss was | N/A |
|---|---|
| 7. The Whole Loss and Damage was | To be determined |
| 8. The partial Amount Claimed for purposes of an advance payment under the policies identified in Schedule "A" is | US $6,000,000.00 Unallocated Advance Payment |

9. **Deductible.** The applicable deductible at the time of loss has been established at US $9,000,000.00.

10. **Payment.** The unallocated advance payment set forth herein shall be paid by check or wire transfer to Aker Kvaerner/IHI (as assigned Loss Payee pursuant to the provisions of General Conditions, Section 11, of the Policies and further pursuant to written assignment by the Principal Insured on October 9, 2009, attached hereto as Exhibit 1) by each Insurer based on its quota share percentage as set forth in Schedule "A." There is no other Loss Payee or anyone else entitled to the proceeds of the payment according to the Policy terms and conditions.

The said loss did not originate by any act, design or procurement on the part of either the Principal Insured or Insured, or this affiant, nothing has been done by or with the privity or consent of either the Principal Insured or

Insured, or this affiant, to violate the conditions of the Policies, or render them void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said Insurers, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this Proof of Loss.

The furnishing of this Proof of Loss or the preparation of Proof of Loss by a representative of the Insurers identified in Schedule "A" is not a waiver of any of their rights.

The undersigned Principal Insured and Insured each acknowledge that the adjustment of the loss has not been completed, and that, in consideration of the Insurers agreeing to consider making an interim payment prior to the final adjustment of the loss, agrees that payment of any amounts in respect of this Proof of Loss are subject to the following conditions: (1) any amounts paid in respect of this Proof of Loss are without prejudice to any of the Insurers' rights under the Policies, and that making of any such payment shall not constitute an admission of liability or a waiver of any rights; (2) any amounts paid in respect of this Proof of Loss are not allocated to any particular category of loss covered under the Policies, and upon adjustment of the loss, the Insurers at their sole discretion will be entitled to allocate all payments previously made to covered categories of loss; and (3) each Insurer is only obligated to pay the amount based on its quota share percentage as set forth in Schedule "A" and is not responsible for the payment of any other Insurer's quota share percentage.

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime.

State of: ___CALIFORNIA___   County of: ___SAN DIEGO___

Principal Insured: Sempra Energy and/or Cameron LNG

By: _____

Name: ___William B. Feller___

Title: ___Vice President___

Subscribed and sworn to before me this ___26___ day of ___Oct___ 2009.

(seal)   Notary Public ___Barbara Hartfield___

[Notary seal: BARBARA HARTFIELD, Commission # 1717849, Notary Public - California, San Diego County]

---

State of: ___TEXAS___   County of: ___HARRIS___

Insured: Aker Kvaerner/IHI

By: _____

Name: ___SCOTT A. RAY___

Title: ___BUSINESS/RISK MANAGER___

Signed by Aker Kvaerner/IHI subject to the conditions in letter AK/IHI-TP-0095 dated 02-Nov-09, which are incorporated herein by reference.

Subscribed and sworn to before me this ___2nd___ day of ___NOVEMBER___ 2009.

(seal)   Notary Public ___Luisa Ludtke___

[Notary seal: LUISA LUDTKE, NOTARY PUBLIC STATE OF TEXAS, MY COMMISSION EXPIRES MARCH 14, 2013]

# SCHEDULE A
## to
# SWORN STATEMENT IN PROOF OF LOSS

### UNALLOCATED PARTIAL PAYMENT

| Insurers | Policy Number | % | Payment in USD |
|---|---|---|---|
| National Union Fire Insurance Co. of Louisiana | ST-260-9712 | 30% | 1,800,000.00 |
| AEGIS Ins. Services, Ltd. | L0022B1A05 | 18% | 1,080,000.00 |
| Allianz Global Risks US Ins. Co. | ATO 3006580 | 17% | 1,020,000.00 |
| Commonwealth Ins. Co. | NME1128 | 12.5% | 750,000.00 |
| Navigators Special Risk, Inc. on behalf of: | 05-NSRO-1045-01 | 12.5% | 750,000.00 |
| Millennium Syndicate at Lloyd's #1221 | | | |
| Liberty Syndicate at Lloyd's #4472 | | | |
| Arch Specialty Insurance Co. | CAR0009987-00 | 10% | 600,000.00 |
| TOTAL | | 100% | USD 6,000,000.00 |

 Sempra Energy

Maury De Bont
Risk Manager

Sempra Energy
Risk Management
101 Ash Street
San Diego, CA 92101-3017

Tel: (619) 696-2057
Fax: (619) 696-4464
MDeBont@sempra.com

October 9, 2009

Greg Presswood
Executive General Adjuster
Vice President / Branch Manager
McLarens Young International
10235 W. Little York, Suite 170
Houston, TX 77040-3253

Loss:      Hurricane Ike Claim - CAT#60
Location:  Hackberry, LA
DOL:       09/13/2008
MYI File No: 07 003119 MI

Dear Greg,

Pursuant to General Condition 11 of the Builder's Risk Policy for the Cameron LNG Receiving Terminal, Sempra Energy, at our discretion as the designated Loss Payee, has decided and hereby directs underwriters that any and all further payments under this policy for claims made against the policy by Aker Kvaerner/IHI arising out of the landfall of Hurricane Ike and the resultant damages to the Cameron LNG Facility shall be paid directly to Aker Kvaerner/IHI.  The claims of Aker Kvaerner/IHI should be adjusted with Aker Kvaerner/IHI and the insurance proceeds checks should be made payable only to Aker Kvaerner/IHI.

Best Regards,

Maury De Bont

cc:   M. Moreno
      K. McDonnell


EXHIBIT "1"