IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA; ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD.; ALLIANZ GLOBAL RISKS US INSURANCE CO.; COMMONWEALTH INSURANCE CO.; NAVIGATORS MANAGEMENT COMPANY, INC.; and ARCH SPECIALTY INSURANCE CO., <br><br>        Plaintiffs,<br>vs.<br><br>AKER KVAERNER/IHI, a General Partnership,<br><br>        Defendant. | Case No. H-10-0342 |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant, Aker Kvaerner/IHI, a Texas General Partnership ("AK/IHI"), hereby moves to dismiss the Complaint to Compel Arbitration, Alternatively for Declaratory Judgment ("Complaint"), filed by Plaintiffs.[1]

    1.    National Union of Louisiana, AEGIS, Allianz, Commonwealth, Navigators, Arch and Lloyds (collectively "Insurers") agreed under a Construction All-Risk Policy (the "CAR

---

[1] Plaintiffs named in this lawsuit consist of National Union Fire Insurance Company of Pittsburgh ("National Union of Pittsburgh"), Associated Electric & Gas Insurance Services Ltd. ("AEGIS"), Allianz Global Risks US Insurance Company ("Allianz"), Commonwealth Insurance Company ("Commonwealth"), Navigators Management Company, Inc. ("Navigators") and Arch Specialty Insurance Company ("Arch"). However, the actual insurer on the insurance policy at issue is National Union Fire Insurance Company of Louisiana ("National Union of Louisiana"), *not* National Union of Pittsburgh. Also, the insurers on the insurance policy at issue include Certain Underwriters at Lloyd's, London, as follows: Millennium Syndicate at Lloyd's 1121 and Liberty Syndicate at Lloyd's 4472 ("Lloyds").

Policy") to provide AK/IHI insurance coverage for damage to Insured Property at the Cameron LNG Receiving, Storage and Regasification Terminal Project (the "Project") in Cameron Parish, Louisiana.

2. Under the CAR Policy, Insurers agreed to pay "the cost of replacing or repairing or making good the Insured Property or any part thereof while at the Project Site physically lost, physically destroyed or physically Damaged in any direct manner and by any cause whatsoever not [] excluded."

3. Hurricane Ike caused extensive and widespread damage to Insured Property at the Project. AK/IHI incurred substantial costs to replace, repair and/or make good that extensive and widespread damage to the Insured Property. Those costs were covered under the CAR Policy and not excluded. As such, Insurers were obligated under the CAR Policy to pay those costs. Despite that, Insurers have failed and refused to pay more than $24 million of AK/IHI's covered costs.

4. Insurers have refused to honor their contractual obligations under the CAR Policy and have engaged in bad faith in connection with the investigation, adjustment and payment of AK/IHI's claim. Accordingly, AK/IHI filed a Complaint in the 38th Judicial District Court, Parish of Cameron, State of Louisiana (the "Louisiana Coverage Lawsuit").

5. In addition to claims of breach of contract, bad faith and breach of duty, AK/IHI sought a declaratory judgment from the Louisiana court to "determine the rights of AK/IHI and the duties and obligations of Insurers under the CAR Policy." AK/IHI also sought a declaration "finding that the losses, damages and expenses AK/IHI sustained from Hurricane Ike are covered under the CAR Policy."

6. Almost two weeks after AK/IHI filed the Louisiana Coverage Lawsuit, Plaintiffs filed the Complaint in this Court, requesting this Court issue an Order compelling arbitration of the coverage disputes between Plaintiffs and AK/IHI arising from the CAR Policy and alternatively, in the event this Court did not compel arbitration, "a declaration of the rights, duties, and liabilities of the parties arising from the [CAR] Policy."

7. Contrary to the assertions of Plaintiffs, the CAR Policy does not contain any agreement for arbitration of disputed coverage issues. Plaintiffs did not include the language of any mandatory arbitration provision in their Complaint. Instead, they appear to be basing their request to compel arbitration on a non-binding appraisal clause contained in the CAR Policy (the "Non-Binding Appraisal Clause"). However, under any potentially applicable law, the Non-Binding Appraisal Clause is not an agreement to arbitrate coverage disputes. As such, Plaintiffs' request to compel arbitration of coverage disputes must be dismissed for failure to state a claim and for lack of federal question jurisdiction.

8. Moreover, Plaintiffs' alternative claim for declaratory judgment must also be dismissed because: (1) there is no diversity between Plaintiffs and AK/IHI; (2) well-established case law holds that federal courts have no authority to hear declaratory judgment actions when there is a declaratory judgment action already pending in state court; and (3) even if there was complete diversity (which there is not), this Court should exercise its broad and unique discretion to dismiss Plaintiffs' desperate and transparent attempt to end run the Louisiana Coverage Lawsuit.

9. The bases for AK/IHI's Motion are set forth in detail in Defendant's Memorandum of Law in support of Motion to Dismiss Complaint, which is incorporated herein by reference.

9. A proposed order is attached.

WHEREFORE, AK/IHI respectfully requests that this Court dismiss Plaintiffs' Complaint, with prejudice.

Date: February 25, 2010

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C.**

By: _____
RICHARD W. AVERY
State Bar 01454800, Federal ID 6615
ERNEST G. FIELDER
State Bar 00787464, Federal ID
815 Walker, Suite 1001
Houston, Texas 77002
Telephone: (713) 237-3111
Facsimile: (713) 237-3202
ATTORNEYS FOR AKER KVAERNER|IHI, a General Partnership

OF COUNSEL:

JOSEPH L. LUCIANA, III
JOHN R. DINGESS
BRIAN R. DAVIDSON
**K& L Gates, LLP**
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Fax:            412-355-6501

## CERTIFICATE OF SERVICE

The undersigned certifies this 25th day of February 2010 that a true and correct copy of the foregoing was filed and served by way of the Court's ECF system, upon the following:

Myles A. Parker, Esq.
Carroll Warren & Parker, PLLC
P.O. Box 1005
Jackson, MS  39215-1005

*(Attorney for Plaintiffs)*

_____
Richard W. Avery